UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:22-CV-00048-KKC-EBA

PHARO WILSON,                                                       PLAINTIFF,

V.                **REPORT AND RECOMMENDATION**

DAVID GREEN,
*Warden, Eastern Kentucky Correctional Complex*                DEFENDANT.

*** *** *** ***

Pharo Wilson, a state prisoner proceeding *pro se*, brings this 28 U.S.C. § 2254 action challenging his conviction in state court. [R. 1]. Along with his Section 2254 petition, Wilson moves for leave to proceed *in forma pauperis*, including the required certification of his inmate trust fund account. [R. 2; R. 3].

Upon review of Wilson's motion for leave to proceed *in forma pauperis*, specifically the attached certification of his inmate account, the undersigned observes that Wilson has received deposits totaling $642.01 into his inmate account, averaging $107.00 in deposits per month. [R. 3]. So, Wilson has the resources to pay the $5 filing fee and other fees associated with this action.

Accordingly, the undersigned will recommend that Wilson's motion for leave to proceed *in forma pauperis* be denied. *Woods v. Dahlber*, 894 F.2d 187, 187 (6th Cir. 1990) (holding that if a magistrate judge determines that a motion to proceed *in forma pauperis* should be denied, "the magistrate [judge] must make such a recommendation to the district judge who will then take final action."). Further, the undersigned will recommend that the District Judge give Wilson 30 days to pay the required $5 filing fee. *Howard v. Ford*, 2016 U.S. Dist. LEXIS 114097, at *2–3 (W.D.

Tenn. Aug. 5, 2016) (adopting report and recommendation denying leave to proceed *in forma pauperis* and directing Petitioner to pay the filing fee within 30 days). Finally, the undersigned will recommend that the District Judge warn Wilson that failure to pay the required $5 filing fee could result in dismissal. *Gravitt v. Tyszkiewicz*, 14 F.App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr. Hearings Div.*, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit *in forma pauperis* application).

### RECOMMENDATION

Having considered the matter fully, and being otherwise sufficiently advised, IT IS RECOMMENDED that:

(1) Wilson's motion for leave to proceed *in forma pauperis* [R. 2] be DENIED;

(2) Wilson be granted thirty days from the date of entry of the District Court's Order denying his motion for leave to proceed *in forma pauperis* to pay the $5 filing fee in this action; and

(3) Wilson be placed on notice that if he fails to pay the required $5 filing fee, his Section 2254 petition could be dismissed.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition.  Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are insufficient to

preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed November 4, 2022.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**