UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:22-CV-00048-KKC-EBA

PHARO WILSON,                                                                                     PLAINTIFF,

V.          **REPORT AND RECOMMENDATION**

DAVID GREEN,
*Warden, Eastern Kentucky Correctional Complex*,                               DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

### INTRODUCTION

Pharo Wilson, a state prisoner, alleges that his imprisonment is unconstitutional. [R. 1]. Using 28 U.S.C. § 2254 as a vessel, he requests the Court "reverse [his] conviction and remand the case back to the state's trial court for further proceedings." [*Id.* at pg. 15]. The Warden filed an answer, [R. 12], and Wilson filed a reply. So, the matter is ripe for review. However, because Wilson's petition is untimely (and because the Warden raises timeliness as a defense), the Court will recommend Wilson's Section 2254 petition be denied.

### FACTS AND PROCEDURAL HISTORY

More than a decade ago, Pharo Wilson let a game of poker in Covington get the best of him. After playing a few hands, Wilson pulled out a gun and robbed the other players. *Wilson v. Commonwealth*, 2014-SC-392-MR, 2015 WL 5655524, at \*1 (Ky. Sept. 24, 2015). Wilson fled the apartment unit, and the police were called. *Id.* After speaking with the victims, the police discovered Wilson in a different apartment unit (rented by his girlfriend's mother) within the same apartment complex. *Id.* Specifically, the police watched Wilson attempt to climb out of

the window of his girlfriend's mother's second-floor apartment. *Id.*; [R. 12-7 at pgs. 26–27]. But Wilson saw the officers, so he climbed back inside the window and began shooting at them, striking one officer in the foot. *Wilson*, 2015 WL 5655524, at *1. The officers returned fire. *Id.* During the confusion, Wilson escaped from the apartment complex and ran into the woods. *Id.* He was apprehended days later in Cincinnati. *Id.* at *2.

Following a jury trial in January 2014 in Kenton Circuit Court, Wilson was convicted of three counts of attempted murder and of being a second-degree persistent felony offender. [R. 12-7 at pg. 27]. Also, Wilson was convicted of being a felon in possession of a handgun in a second, bifurcated trial in May 2014. [*Id.*]. For these crimes, Wilson was sentenced to seventy years' imprisonment. [*Id.*].

As a matter of right, Wilson filed a timely notice of appeal to the Kentucky Supreme Court on July 2, 2014. [*Id.* at pg. 9]. The Kentucky Supreme Court affirmed Wilson's conviction on September 24, 2015. *See Wilson*, 2015 WL 5655524. Wilson had ninety days from September 25, 2015 to file a petition for writ of certiorari to the Supreme Court of the United States. *See* SUP. CT. R. 13; SUP. CT. R. 30. He did not do so. Thus, Wilson's conviction became final on December 24, 2015. 28 U.S.C. § 2244(d)(1)(A) (a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").

In August of 2016, Wilson filed a state court motion challenging his sentence pursuant to KY. R. CRIM. P. 11.42. [R. 12-6 at pgs. 21–134]. The Kenton Circuit Court denied Wilson's motion. [R. 12-7 at pgs. 26–35]. Wilson filed a timely appeal to the Kentucky Court of Appeals, which affirmed his motion's denial on January 11, 2019. *Wilson v. Commonwealth*, No. 2017-CA-1452-MR, 2019 WL 168687, at *1 (Ky. App. Jan. 11, 2019). Then, on January 11, 2019, Wilson filed a state court motion to vacate his conviction pursuant to KY. R. CIV. P. 60.02. [R. 12-8 at pgs. 5–11]. The Kenton Circuit Court denied Wilson's motion on June 6, 2019. [*Id.* at pgs. 14–16]. Six months

later, in February 2020, Wilson filed a "Motion for Status of CR 60.02." [*Id.* at pg. 17]. In it, Wilson alleged that he was not aware whether his earlier motion had been ruled on. The Kenton Circuit Court then mailed a copy of its order to Wilson, which he received on April 9, 2020. *See* [*Id.* at pg. 23]. A few weeks later, Wilson filed a request for permission to file a belated appeal. [*Id.* at pgs. 19–20]. And in September 2020, Wilson filed a second KY. R. CIV. P. 60.02 motion, which was denied and affirmed on appeal. [*Id.* at pgs. 36–39]; *Wilson v. Commonwealth*, No. 2020-CA-1619-MR, 2022 WL 67911 (Ky. App. Jan. 7, 2022). Three months later, Wilson filed this Section 2254 petition. [R. 1].

## STANDARD OF REVIEW

This Court is required to review Wilson's request for habeas corpus relief pursuant to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA allows state prisoners to seek federal habeas corpus relief on the ground that they are in custody in violation of the Constitution, law, or treaties of the United States. 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347 (1994). The AEDPA states:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The AEDPA mandates that state courts should enjoy the first opportunity to cure a constitutional claim. This rule stems from the understanding that state courts are obligated to follow federal law and from the desire for comity between the state and federal court systems.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). So, federal courts do not analyze a petitioner's claim *de novo* under Section 2254. That means this Court must grant the state court deference in reviewing Wilson's petition. The state court's factual determinations "are presumed correct absent clear and convincing evidence to the contrary." 28 U.S.C. § 2254(e)(1). So, the Court must give complete deference to evidence-supported state court findings of fact pursuant to the presumption of correctness. *Id.* A state court decision, adjudicated on the merits based on a factual determination, will not be overturned on factual grounds unless objectively unreasonable considering the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents." *Nevada v. Jackson*, 569 U.S. 505, 508 (2013) (per curiam) (internal quotation marks omitted). Note that "circuit precedent does not constitute clearly established federal law" under the AEDPA. *Parker v. Matthews*, 567 U.S. 37, 48 (2012).

In sum, the AEDPA creates "a highly deferential standard for evaluating state-court rulings," and demands that "state-court decisions be given the benefit of the doubt." *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011). The AEDPA erected a "formidable barrier" to federal habeas corpus relief for those state prisoners whose claims were fully adjudicated in state court, requiring they show that the state court's ruling "was so lacking in justification that there was an error . . . beyond any possibility for fair-minded disagreement." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Still, a petitioner's claims must meet certain procedural requirements to justify review.

## ANALYSIS

Importantly, the Warden asserts untimeliness as an affirmative defense to Wilson's Section

2254 petition. [R. 12 at pgs. 7–11]. So, before reaching the merits of Wilson's Section 2254 petition, the Court must determine whether it is timely filed. *Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A

Under the AEDPA, prisoners enjoy one year from the date that their conviction becomes final to petition a federal district court for habeas corpus relief. 28 U.S.C. § 2244(d). Of course, the one-year statute of limitations can be tolled upon the filing of an "application for State post-conviction or other collateral review[.]" 28 U.S.C § 2244(d)(2).

Wilson was convicted of various crimes in state court in January and May of 2014, more than eight years ago. [R. 12-7 at pg. 27]. After appealing as a matter of right, the Kentucky Supreme Court affirmed Wilson's convictions on September 24, 2015, more than seven years ago. *Wilson*, 2015 WL 5655524. From September 25, 2015, Wilson enjoyed ninety days to file a petition for writ of certiorari to the Supreme Court of the United States. *See* SUP. CT. R. 13; SUP. CT. R. 30. He did not do so. Thus, Wilson's conviction became final on December 24, 2015. 28 U.S.C. § 2244(d)(1)(A) (a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Therefore, absent tolling, Wilson had until December 24, 2016 to petition a federal district court for habeas corpus relief.

Wilson successfully tolled the AEDPA statute of limitations on August 3, 2016, when he filed a state court motion collaterally attacking his sentence pursuant to KY. R. CRIM. P. 11.42. By this time, 224 days had elapsed since the statute of limitations started to run and 141 days remained on the clock. Wilson's motion was denied by the Kenton Circuit Court, and the Kentucky Court of Appeals affirmed the Kenton Circuit Court on January 11, 2019. *Wilson*, 2019 WL 168687, at

*1. So, the AEDPA clock began to run once again.

However, that same day, Wilson filed a state court motion collaterally attacking his conviction pursuant to KY. R. CIV. P. 60.02.[1] [R. 12-8 at pg. 5–9]. Because Wilson's motion was filed the same day that the Kentucky Court of Appeals affirmed the Kenton Circuit Court, 141 days remained on the clock. Wilson's KY. R. CIV. P. 60.02 motion was denied by the Kenton Circuit Court on June 6, 2019. [*Id.* at pgs. 14–16]. However, Wilson did not "receive[] anything about the [collateral attack] motion," so he filed a "Motion for Status of CR 60.02" in February 2020. [*Id.* at pg. 17]; *see also* [R. 17 at pg. 1] (stating that "the circuit court failed to serve the petitioner the order denying relief"). A copy of Wilson's prison mail log for June 2019 corroborates his account of the matter. [R. 12-8 at pgs. 24–27].

On April 9, 2020—two months after filing his motion for a status update—Wilson received a copy of the Kenton Circuit Court's order denying his collateral attack motion. *See* [R. 12-8 at pgs.19, 23]. In Kentucky, when "an order that effects the running of time for taking an appeal" is entered, "the clerk shall serve a *written* notice of the entry, either by mail or by personal delivery, . . . upon the defendant personally if the defendant is without counsel of record." KY. R. CRIM. P. 12.06 (emphasis added). So, the undersigned finds that the AEDPA statute of limitations began to run once again on the date of service attested to by Wilson—and not challenged by the Warden—April 9, 2020. As a reminder, at this point, 141 days remain on the clock.

On April 28, 2020, Wilson filed a "Motion for Belated Appeal" in the Kenton Circuit Court. [*Id.* at pg. 19]. In Kentucky, the "belated appeal procedure is available *only* in situations in which an appellant in a criminal case *loses the direct appeal* of his conviction *through the denial of the*

---

[1] The Warden incorrectly states that Wilson filed his KY. R. CIV. P. 60.02 motion "[e]ight days after the Court of Appeals decision[.]" [R. 12 at pg. 8].

*effective assistance of counsel* to which he is entitled as a matter of due process." *Merrick v. Commonwealth*, 132 S.W.3d 220, 221 (Ky. App. 2004) (emphasis added). However, Wilson sought a belated appeal to challenge the Kenton Circuit Court's order denying his second *pro se* collateral attack motion. So, a belated appeal was not available to Wilson under Kentucky law.[2] Therefore, the AEDPA one-year statute of limitations did not toll when Wilson filed his motion for permission to file a belated appeal.[3]

Finally, on September 2, 2020, Wilson filed a second KY. R. CIV. P. 60.02 motion (his third collateral attack motion) in the Kenton Circuit Court. The motion was denied, and its denial was affirmed on appeal in January 2022. *Wilson*, 2022 WL 67911. In its short opinion affirming the Kenton Circuit Court, the Kentucky Court of Appeals noted that Wilson's second KY. R. CIV. P. 60.02 motion was "successive" and "improper," and that it contained grounds for relief that should have been raised "in his direct appeal, through his [KY. R. CRIM. P.] 11.42 motion, or his prior [KY. R. CIV. P.] 60.02 motion." *Wilson*, 2022 WL 67911, at *1. So, the Kentucky Court of Appeals concluded that "Wilson's attempt to obtain relief in this fashion is not allowed by the rules governing post-conviction relief." *Id.* For these same reasons, Wilson's second KY. R. CIV. P. 60.02 motion was not a "properly filed application" for state post-conviction relief under AEDPA. 28 U.S.C. § 2244(d)(2). So, the one-year statute of limitations did not toll when Wilson filed his second, successive KY. R. CIV. P. 60.02 motion. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (noting that a state post-conviction cannot be "'pending' after the state court's post-conviction review is complete").

---

[2] In Kentucky courts, *pro se* litigants are required to strictly follow the state's procedural rules. *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009) (noting that while "*pro se* litigants are sometimes held to less stringent standards than lawyers . . . Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure").

[3] The AEDPA one-year statute of limitation is tolled by "properly filed application[s]" for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Wilson's improper motion for belated appeal—which was improperly filed in the trial, rather than appellate, court—is not a "properly filed application" within the meaning of the statute. So, it cannot toll the statute of limitations.

Because neither Wilson's "Motion for Belated Appeal" nor his second KY. R. CIV. P. 60.02 motion tolled the statute of limitations, Wilson had until Friday, August 28, 2020 to petition this Court for federal habeas relief. However, Wilson filed his Section 2254 petition in April 2022—588 days late. [R. 1]. So, his petition is untimely filed.[4]

**B**

Nonetheless, even untimely filed petitions may benefit from equitable tolling in limited circumstances.[5] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001)). Specifically, equitable tolling permits federal courts to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011), *cert. denied*, 565 U.S. 964 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). And the petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citation omitted). However, despite filing a reply, Wilson never argues that he is

---

[4] This is true for all of Wilson's asserted grounds, including Ground Six. In Ground Six, Wilson asserts that an alleged contradiction between the trial judge's oral findings and her written sentencing order created a great disparity between what he purports to be his proper parole eligibility, and what the sentencing order suggests the proper parole eligibility is. [R. 1-1 at pgs. 6–7]. This issue was included in Wilson's second, successive KY. R. CIV. P. 60.02 motion (which was denied as procedurally improper by the Kentucky Court of Appeals). In affirming that motion's denial by the Kenton Circuit Court, the Kentucky Court of Appeals correctly noted that Wilson's claim "only challenges the language of the trial court's final judgment, entered on July 2, 2014." *Wilson*, 2022 WL 67911, at *1 n.3. The same is true here. [R. 1-1 at pgs. 6–7]. So, Wilson's contention that he could only detect the purported error after the Kentucky Department of Corrections recalculated his parole eligibility is unavailing. *See also Wilson*, 2022 WL 67911, at *1 n.3 (noting that "[a]ny discussion by Wilson concerning the Kentucky Department of Corrections in his brief was purely informational and to provide context for the basis of his . . . appeal"). For these reasons, Ground Six of Wilson's petition is untimely.

[5] This is because the one-year statute of limitations in AEDPA actions is not jurisdictional.

entitled to equitable tolling. So, the Court cannot consider whether he is entitled to equitable tolling.

## C

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a Certificate of Appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Wilson failed to comply with the statute of limitations and reasonable jurists would not debate the dismissal of Wilson's Section 2254 petition as untimely. Therefore, the undersigned will recommend that the District Court deny a Certificate of Appealability.

## Conclusion

Wilson petitions the Court for a writ of certiorari under Section 2254. [R. 1]. However, Wilson's petition is untimely. Therefore, this Court will recommend the District Court deny Wilson's (1) Section 2254 petition and (2) Certificate of Appealability, if Wilson requests one.

## Recommendation

Upon review of the record, and for the reasons stated herein, and in accordance with Rule

10 of the Rules Governing Section 2254 Habeas Cases, IT IS RECOMMENDED that:

1. Wilson's Section 2254 petition [R. 1] be DISMISSED WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED as to all issues raised, should Wilson so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed December 16, 2022.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge